Narine Mkrtchyan (243269)
MKRTCHYAN LAW
655 N. Central Ave, Suite 1700
Glendale, CA 91203
Tel. (818) 388-7022
E-mail: narine56@msn.com
www.narinelaw.com

Attorneys for Plaintiff EDMOND BABAKHANLOU

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDMOND BABAKHANLOU<br><br>Plaintiff,<br><br>vs.<br><br>LOS ANGELES COUNTY, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, DOES 1-25.<br><br>Defendants. | **CASE NO.**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Failure to Provide Medical Care, Fourteenth and Eighth Amendments Violation (42 U.S.C. § 1983)<br>2. Unconstitutional policies, practices and customs (*Monell liability*- 42 U.S.C. § 1983)<br>3. Violation of the Americans with Disabilities Act, Title II—Failure to Provide Full and Equal Access (42 U.S.C. 12131 et seq.)<br>4. Violation of the Americans with Disabilities Act, Title II—Prison Conditions (42 U.S.C. 12131 et seq.)<br>5. Violation of the Americans with Disabilities Act, Title II – Retaliation, Interference, Coercion or Intimidation (42 U.S.C. 12203 et seq.)<br>6. State Civil Rights Violation (Cal. Civ. Code § 52.1) |

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff EDMOND BABAKHANLOU and alleges as follows:

## INTRODUCTION

1. This is a civil rights and violation of Americans with Disabilities Act Title II action seeking monetary damages from Defendants and each of them, for violating various rights under the United States Constitution and California state law in connection with the continuous denial of medical care and deliberate indifference to PLAINTIFF EDMOND BABAKHANLOU'S civil rights between May 2022 and October 1, 2023.

2. Except as named in the caption of this complaint, PLAINTIFF is ignorant at this time of the true and correct names of the officers, deputies, nurses, doctors, sergeants, staff, and/or employees involved, and is forced to file this complaint naming such persons as DOES 1-25.

3. On or about March 30, 2023, PLAINTIFF submitted various claims for damages pursuant to California Government Code § 910 et seq., to the DEFENDANT COUNTY OF LOS ANGELES (hereinafter "COUNTY").

4. COUNTY denied PLAINTIFF's claims for damages on or about April 26, 2023, necessitating this lawsuit.

## JURISDICTION AND VENUE

5. This action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983 and 1988, the Americans with Disabilities Act, 42 U.S.C. § 12131 and the Fourteenth and Eighth Amendments of

the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of Los Angeles, California.

7. With respect to Plaintiff's supplemental state claims, Plaintiff requests that this Court exercise supplemental jurisdiction over such claims as they arise from the same facts and circumstances which underlie the federal claims.

**PARTIES**

8. PLAINTIFF EDMOND BABAKHANLOU is 54-year old man residing in the County of Los Angeles, California.

9. Defendant COUNTY OF LOS ANGELES (hereinafter also "COUNTY") is and was, at all relevant times hereto, a public entity, duly organized and existing under and by virtue of the laws of the State of California, with the capacity to sue and be sued. Defendant COUNTY is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies.

10. Defendant COUNTY owns, operates, manages, directs and controls Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT (hereinafter also "LASD"), also a separate public entity, which employs other Doe Defendants in this action. At all times relevant to the facts alleged herein, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of its employees, including LASD employees, complied with the laws and the Constitutions of the United States and of the State of California. Defendant COUNTY, through LASD, is and was responsible for ensuring the safety of all

persons incarcerated in the Jail and providing them with appropriate medical and mental health treatment.

11. Defendants DOES 1 through 25 are, and were at all relevant times mentioned herein, deputies, sergeants or civilian employees in LASD. As Sergeants, Defendant DOES 10 through 25 are supervisors at the Los Angeles County Jail, are responsible for ensuring the safety and well-being of the inmates housed therein, and supervise all of the deputies that are on duty during their shifts. Defendants DOES 10 through 25 are being sued in their individual capacities.

12. At all relevant times, each of the Defendants engaged in the acts or omissions alleged herein under color of state law.

13. At all relevant times, each of the Defendants DOES 1-25 was acting within his or her capacity as an employee, agent, representative and/or servant of Defendants COUNTY OF LOS ANGELES and is sued in their individual capacities.

14. The true names of Defendants DOES 1 through 25, inclusive, are unknown to Plaintiff, who therefore sue these Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of these Defendants when they have been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct and liabilities alleged herein.

15. Defendants DOES 10 through 25 are and were also supervisorial employees for Defendant COUNTY OF LOS ANGELES who were acting under color of law within the course and scope of their duties as deputies for Defendant COUNTY OF LOS ANGELES. Defendants DOES 10 through 25 were acting with the complete authority and ratification of their principal, Defendant COUNTY OF LOS ANGELES.

16. Defendants DOES 10 through 25 were also duly appointed deputies, sergeants, lieutenants, detectives, or other supervisors, officials, executives and/or policymakers of LASD, a department and subdivision of Defendant COUNTY OF LOS ANGELES, and at all times mentioned herein said Defendants were acting in the course and scope of their employment with Defendant COUNTY OF LOS ANGELES, which is liable under the doctrine of *respondeat superior* pursuant to California Government Code § 815.2.

17. Defendants DOES 10 through 25 are managerial, supervisorial, and policymaking employees of Defendant COUNTY OF LOS ANGELES, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for Defendant COUNTY OF LOS ANGELES. Defendants DOES 10 through 25 were acting with the complete authority and ratification of their principal, Defendant COUNTY OF LOS ANGELES.

18. Each of the Defendants caused and is responsible for the unlawful conduct and resulting by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing or failing to take action to prevent the unlawful conduct; by promulgating policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to Plaintiffs' rights, to initiate and maintain adequate supervision and/or training; and, by ratifying the unlawful conduct that occurred by agents and peace officers under their direction and control. Whenever and wherever reference is made in this Complaint to any act by a Defendant, such allegation and reference shall also be deemed to mean the acts and failures to act of each Defendant individually, jointly and severally. They are sued in their individual and official capacities and in some manner, are responsible for the acts and omissions alleged

herein. Plaintiffs will ask leave of this Court to amend this Complaint to allege such name and responsibility when that information is ascertained. Each of the Defendants is the agent of the other.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

19. PLAINTIFF EDMOND BABAKHANLOU was convicted in *People of the State of California v. Edmond Babakhanlou*, Case No. PA089718 and sentenced pursuant to PC 1170(h) on May 2, 2022 for an aggregate term of 4 years by the Superior Court of Los Angeles, and began serving his sentence in Los Angeles County jail. Booking No. 6370955.

20. Immediately after his incarceration he began experiencing severe complications due to his pre-existing chronic medical conditions that were deliberately ignored in jail, posing a serious risk to his mortality and morbidity. He is diabetic on insulin, with immunodeficiency, inability to tolerate the vaccinations mandated in jail. His diabetes also causes him to develop abscess on the back which can be treated only through surgery, which he had previously prior to incarceration. He also has acute respiratory disease that requires him to use an inhaler.

21. Shortly after he was admitted, his back abscess was discovered and he was put in a single cell, questioned about the causes. He explained the causes, but he was still kept in the single cell without good reason, where he had major anxiety and hallucinations, hypertension, panic disorder and psychological despair. He was not given his inhalers required for controlling his asthma.

22. After some time, he was removed from the single cell and returned to his dorm, but was told he needed to be given some shots of vaccine (or other drugs) on

June 22, 2022. He was administered 5 shots of various drugs and had a severe reaction and was hospitalized for shortness of breath and trouble breathing.

23. He had not been taken to endocrinologist to control his blood sugar levels, which began to reach critical levels.

24. Only after his family retained counsel to complain to the Sheriff's Department, he was given his inhaler and medications provided to control his blood sugar. He was not taken to endocrinologist for further treatment of his diabetes. Instead, the jail staff retaliated against him, by alleging he was refusing to take insulin or blood pressure medicine and asking him to sign rejection forms. He was not provided psychiatric care to determine if he was suffering from any mental health issues.

25. Beginning in November 2022, he contracted a serious spinal infection, with severe pain in the back, radiating to his legs, disabling him from walking. His complaints, however, were ignored for a month and he was ridiculed by the jail staff, who were not taking him seriously. He was unable to walk, get up from bed or do any work. He had been enrolled in working to earn good time credits, but was unable to continue with work. For a month no medical care was provided to him by the jail staff for his medical complaints. Only on December 18, 2022, after he was screaming from pain and complaining for a month, he was taken to the emergency department at the USC-LA County Hospital, where he was diagnosed with a series of problems, including but not limited to bacteremia, sepsis secondary to pyelonephritis, L4/L5 osteomyelitis with epidural spinal abscess with severe central canal stenosis, bilateral psoas muscle abscesses though to be secondary to hematogenous spread from chronic severe infection. He had developed a spinal infection that was rapidly progressing due to lack of timely care.

26. Thereafter, and as a result of the denial of timely and adequate medical care, he was shuffled back and forth between the hospital and jail, with multiple urgent care visits for severe complications. He was told he needed a spinal surgery but the hospital staff declined to do surgery on him, claiming he was not a good candidate due to his chronic conditions. While in the hospital, he required consultations from specialists in Neurosurgery, Infectious Disease, General Medicine, Endocrinology, Cardiology, Urology, Pain Management, Psychiatry. However, he was not seen by any of these specialists. Due to the pain and lack of management of pain, he developed a severe altered state of mind with hallucinations and panic disorder. He had never experienced any mental health issues before his incarceration. Yet he was not treated by a psychiatrist to determine the cause of his altered state of mind. Due to his inability to urinate, a catheter was placed on him, which was not removed from months, further exposing him to risk of infection. He was not taken to a urologist to remove the catheter and treat his infection for months. When he was brought back to jail, he was placed in the mental health unit with people suffering from mental health disorders without a psychiatric evaluation or diagnosis, was heavily medicated with psychotropic drugs that altered his perception of reality, causing hallucinations unable to make informed decisions for himself. He needed the surgery for the spine and pain management to treat his chronic conditions and spinal infection. However, he was simply medicated with drugs. He was unable to walk due to his spinal condition, requested a wheelchair, which was not provided to him. He received a walker after multiple complaints and requests. His legs were visibly swollen.

27. Through his attorney he complained to the Los Angeles County Sheriff's Department multiple times requesting them to provide adequate medical care without any change in level of care or medical treatment. After he made complaints to County

through counsel, the county staff retaliated against him. His walker was stolen, no wheelchair was given for transportation. Insulin was not given, causing his blood sugar go up. All work time good time credits were taken away from him. The date for his release was extended from August to October 2023. They placed him in a dark single cell with no lighting for 3-4 months, without walker for the initial 5 days and when he complained to staff, the jail doctor with nurses ridiculed and made fun of him by inappropriate comments. He had lost his dentures and implants but was not taken to the dentist, after multiple requests.

28. On January 30, 2023 through his attorney he filed a motion with request to recall his sentence to the sentencing court in Superior Court, Los Angeles with all supporting materials, and declaration of a medical expert. It was heard and denied on February 8, 2023 on grounds that regardless of the merits the Court had no jurisdiction to recall his sentence without express statutory recommendation by County jail administrator or District Attorney's Office under PC 1172.1. The Los Angeles District Attorney's Office vehemently objected to the recall of sentence without rebutting the evidence of medical hardship/disability presented by Petitioner in express contravention of the Compassionate Release Act and the statutory scheme of PC 1172.1. PLAINTIFF requested the COUNTY to review his medical expert reports and recommend his release under the statutory scheme. In deliberate indifference to his urgent medical needs, the COUNTY refused to exercise the duty mandated by the statutes, and recommend his release when he qualified for release under the statute. PLAINTIFF'S writ of mandate to the Superior Court seeking orders to COUNTY for further relief under the Compassionate Release Act was denied because COUNTY argued the court had no jurisdiction to mandate them to exercise *discretionary* duty. COUNTY failed to provide adequate medical care and yet objected to early release of PLAINTIFF by exposing PLAINTIFF to serious risk of

death. PLAINTIFF's further needs for medical care were not resolved causing severe complications, with a high risk to his mortality and morbidity. PLAINTIFF has developed severe spinal disability as a result of this deliberate indifference to his medical needs in jail, that has affected his livelihood, ability to work, or enjoy a quality of life.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

**Deliberate Indifference to Serious Medical and Mental Health Needs, Violation of the Fourteenth and Eighth Amendments to the United States Constitution**

**(42 U.S.C. § 1983)**

**By PLAINTIFF Against COUNTY DEFENDANTS, and DOES 1 through 25**

29. PLAINTIFF realleges and incorporates the foregoing paragraphs as if set forth herein.

30. County Defendants had inadequate policies, procedures, and practices to ensure the provision of minimally adequate medical and mental health treatment to inmates housed at the Jail.

31. County Defendants also failed to adequately supervise the provision of medical and mental health services at the Jail, violating their constitutional obligation to ensure that inmates entrusted to their care receive necessary treatment.

32. County Defendants also failed to properly train and supervise custody staff regarding policies, procedures, and practices that are necessary for the provision of adequate medical and mental health care, including conducting welfare and safety checks and responding to medical emergencies.

33. County Defendants were on notice for years prior to PLAINTIFF's incarceration that their provision of medical and mental health care was woefully

inadequate and fell far short of the minimum elements of a constitutional health care system. County Defendants were on notice that their policies, procedures, and practices resulted in failure to provide necessary medical and mental health care to the inmates at the Jail.

34. County Defendants' failure to correct their policies, procedures, and practices despite notice of significant and dangerous problems evidences deliberate indifference to the inmates in their care.

35. PLAINTIFF's medical and mental health needs were known to County Defendants throughout the period of his incarceration at the Los Angeles County Jail. Despite this knowledge, and PLAINTIFF'S obvious signs and complaints of serious medical and medical illness with emotional distress, Defendants failed to provide necessary medical care and mental health evaluation and treatment to PLAINTIFF while he was incarcerated.

36. County Defendants' actions and/or omissions as alleged herein, including but not limited to their failure to provide PLAINTIFF with appropriate medical care, along with the acts and/or omissions of Defendants in failing to train, supervise, and/or promulgate appropriate policies and procedures to provide medical care to inmates, constituted deliberate indifference to PLAINTIFF'S serious medical needs, health, and safety.

37. As a direct and proximate result of Defendants' conduct, the civil rights of PLAINTIFF, as protected by the Fourteenth Amendment of the U.S. Constitution, were violated. Further, PLAINTIFF experienced physical pain, severe emotional distress, and mental anguish.

38. The aforementioned acts of DOES 1-25 were conducted with conscious disregard for the health, safety and welfare of PLAINTIFF, and were therefore malicious, wanton, and oppressive. As a result, said Defendants' actions justify an

award of exemplary and punitive damages to punish the wrongful conduct alleged herein and to deter such conduct in the future.

**<u>SECOND CLAIM FOR RELIEF</u>**

**Municipal Liability (*Monell* Liability) for Unconstitutional Policies, Procedures, Practices and Customs.**

**(42 U.S.C. § 1983)**

**By Plaintiff Against County**

39. PLAINTIFF realleges and incorporates the foregoing paragraphs as if set forth herein.

40. On and before May 2022, and prior to the incarceration of PLAINTIFF, defendant County was aware that the County Defendants had engaged in a custom and practice of callous and reckless disregard for the health and safety of medically and mentally ill inmates in the Los Angeles County jail as summarized in the paragraphs above.

41. Defendant County, LASD, acting with deliberate indifference to the rights and liberties of those persons who would become inmates in the Los Angeles County jail, and of PLAINTIFF, and of persons in PLAINTIFF'S class, situation and comparable position in particular, knowingly maintained, ratified, enforced and applied the policies, procedures, customs and practices described herein above.

42. By reason of the aforementioned customs and practices, PLAINTIFF was severely injured and subjected to pain and suffering, as alleged above in the First and Second Claim for Relief.

43. Defendants with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby

ratified such customs and practices. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PLAINTIFF and other individuals similarly situated.

44. The policies, practices, and customs implemented, ratified and condoned were affirmatively linked to and were a significantly influential force behind the injuries to PLAINTIFF.

45. By reason of the aforementioned unconstitutional policies, procedures, customs and practices, PLAINTIFF suffered injuries, pain and suffering, risk to mortality and morbidity, loss of enjoyment of life.

46. The conduct of County in implementing, ratifying and condoning said policies, procedures, practices, and customs was malicious and done with a deliberate disregard for the health, safety and welfare of PLAINTIFF.

## <u>THIRD CLAIM FOR RELIEF</u>

**VIOLATION OF AMERICANS WITH DISABILITIES ACT TITLE II – Failure to Provide Full and Equal Access – 42 U.S.C. § 12131 et seq.**

**(Against DEFENDANTS COUNTY, COUNTY SHERIFFS and Does 1 through 25, inclusive)**

47. Plaintiff realleges and incorporates the foregoing paragraphs as if set forth herein.

48. DEFENDANT COUNTY is a public entity within the meanings of 42 U.S.C. § 12131(1)(b). *Pennsylvania Dep't of Corrections v. Yeskey* (1998) 524 U.S. 206.

49. DEFENDANTS COUNTY and COUNTY SHERIFFS are and were at all times relevant herein, public entities and subdivisions of the COUNTY operating

under the existing laws of the State of California and subject to the regulations of 42 U.S.C. § 12131 et seq.

50. ADA Title II applies to LOS ANGELES County Jail pursuant to *United States v. Georgia* (2006) 126 S. Ct. 877.

51. PLAINTIFF was at all times relevant herein a person with a physical disability that substantially limited one or more of his major life activities pursuant to 42 U.S.C. § 12131 et seq. and subject to the protections and accommodations under the ADA.

52. In particular, under the ADA, PLAINTIFF as an individual with disability cannot be excluded from participation in or be denied the benefits of services, programs, or activities of the COUNTY, COUNTY SHERIFFS, and/or COUNTY JAIL nor be subjected to discrimination by such entities.

53. Despite the legal provisions of 42 U.S.C. § 12131 et seq., PLAINTIFF was denied equal access to facilities, programs, and/or services including but not limited to the ability to use dorms, and/or toilets and to be protected from injury or the risk of injury, the ability to obtain necessary medication for diabetes and high blood pressure, the ability to receive proper medical care treatment from qualified individuals, and the ability to obtain proper surgical procedures to PLAINTIFF's back pain and spinal infection, the ability to receive medical supplies and/or devices such as wheelchairs and/or walkers, the ability to receive adequate food and water for daily consumption and to control blood sugar, and/or the ability to be housed in an ADA compliant unit and be protected from injury or risk of injury.

54. In particular, PLAINTIFF required timely medical treatments for his chronic back pain that progressed rapidly in November-December, 2022, but was not timely treated, causing severe complications. He repeatedly requested medical care

for his back pain in November, but was denied. No medical care was provided to him in November 2022.

55. Despite having a full medical evaluation performed on PLAINTIFF after hospitalization in December 2022, PLAINTIFF was not provided the necessary specialists to treat his chronic severe conditions.

56. The jail staff retaliated against him by not providing him wheelchair or walker, placed him in a single cell by himself without lighting, causing severe psychiatric hallucinations, affecting his ability to make informed decisions.

57. PLAINTIFF repeatedly requested medical attention regarding his chronic conditions as of July, 2022 that was documented by his family and counsel putting County on notice of his need for care.

58. PLAINTIFF's needs were not cared for causing severe complications with spinal infection.

59. As a direct and proximate result of the foregoing, PLAINTIFF suffered and continues to suffer from physical ailments, depression, nightmares, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, social withdrawal, tearfulness, and anger.

60. DEFENDANTS through their agents, employees, officers, deputies, and/or other staff members' violation of PLAINTIFF's rights as guaranteed by Cal. Civ. Code 42 U.S.C. § 12131 entitles PLAINTIFF to reasonable attorneys' fees and costs of suit pursuant to 42 U.S.C. § 12205.

**FOURTH CLAIM FOR RELIEF**

**VIOLATION OF AMERICANS WITH DISABILITIES ACT TITLE II –Prison Conditions – 42 U.S.C. § 12131 et seq; 28 C.F.R. § 35.152 et seq.**

**(Against DEFENDANTS COUNTY, COUNTY SHERIFFS, and Does 1 through**

**25, inclusive)**

61. PLAINTIFF realleges and incorporates the foregoing paragraphs as if set forth herein.

62. DEFENDANT COUNTY is a public entity within the meanings of 42 U.S.C. § 12131(1)(b). *Pennsylvania Dep't of Corrections v. Yeskey* (1998) 524 U.S. 206.

63. DEFENDANTS COUNTY SHERIFF are and were at all times relevant herein, public entities and subdivisions of the COUNTY operating under the existing laws of the State of California and subject to the regulations of 42 U.S.C. § 12131 et seq. ADA Title II applies to County Jail pursuant to *United States v. Georgia* (2006) 126 S. Ct. 877.

64. PLAINTIFF was at all times relevant herein a person with a physical disability that substantially limited one or more of his major life activities pursuant to 42 U.S.C. § 12131 et seq. and subject to the protections and accommodations under the ADA.

65. In particular, under 28 C.F.R. § 35.152(b)(2) et seq., DEFENDANTS had a duty to ensure that "inmates…with disabilities are housed in the most integrated setting appropriate to the needs of the individuals… (i) [s]hall not place inmates…with disabilities in inappropriate security classifications because no accessible cells of beds are available…(iii) [s]hall not place inmates or detainees with disabilities in facilities that do not offer the same programs as the facilities that do not offer the same programs as the facilities where they would otherwise be housed."

66. Furthermore under 28 C.F.R. § 35.152(b)(3), DEFENDANTS had a duty to "implement reasonable policies, including physical modifications to additional cells in accordance with the 2010 standards, so as to ensure that each inmate with a

disability is housed in a cell with the accessible elements necessary to afford the inmate access to safe, appropriate housing.

67. In particular, PLAINTIFF was placed in non ADA compliant housing units which disabled him from ambulating freely. There were no railings for disabled individuals, necessary for their safety and well-being. The bunker beds were not accommodating disabled individuals causing falls and injuries.

68. As a result of filing complaints against the jail staff and nurses, as well as PLAINTIFF's inability to obtain proper medical attention, PLAINTIFF was placed in a dark non ADA compliant isolation cell with no lighting for 3-4 months.

69. PLAINTIFF was further unable to walk or ambulate but was not provided a walker or wheelchair for a substantial time while incarcerated.

70. While PLAINTIFF was placed in the non ADA compliant isolation cell, PLAINTIFF was further deprived of access to the dining hall, recreation area, visiting church, work, transitional programs and the library.

71. As a direct and proximate result of the foregoing, PLAINTIFF suffered and continues to suffer from physical ailments, depression, nightmares, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, social withdrawal, tearfulness, and anger.

72. DEFENDANTS through their agents, employees, officers, deputies, and/or other staff members' violation of PLAINTIFF's rights as guaranteed by Cal. Civ. Code 42 U.S.C. § 12131 entitles PLAINTIFF to reasonable attorneys' fees and costs of suit pursuant to 42 U.S.C. § 12205.

## FIFTH CLAIM FOR RELIEF

**VIOLATION OF AMERICANS WITH DISABILITIES ACT TITLE II –**

**RETALIATION, INTERFERENCE, COERCION, OR INTIMIDATION – 42 U.S.C. § 12203 et seq.**

**(Against DEFENDANTS COUNTY, COUNTY SHERIFFS, and Does 1 through 25, inclusive)**

73. PLAINTIFF realleges and incorporates the foregoing paragraphs as if set forth herein.

74. DEFENDANT LOS ANGELES, COUNTY SHERIFF'S DEPARTMENT is a public entity within the meanings of 42 U.S.C. § 12131(1)(b). *Pennsylvania Dep't of Corrections v. Yeskey* (1998) 524 U.S. 206.

75. DEFENDANTS COUNTY and COUNTY SHERIFFS are and were at all times relevant herein, public entities and subdivisions of the COUNTY operating under the existing laws of the State of California and subject to the regulations of 42 U.S.C. § 12203 et seq.

76. ADA Title II applies to a County Jail pursuant to *United States v. Georgia* (2006) 126 S. Ct. 877.

77. PLAINTIFF was at all times relevant herein a person with a physical disability that substantially limited one or more of his major life activities pursuant to 42 U.S.C. § 12131 et seq. and subject to the protections and accommodations under the ADA.

78. In particular, PLAINTIFF was discriminated against by DEFENDANTS for filing complaints against the various nurses, deputies, officers and/or sergeants who intentionally, maliciously, wantonly, and/or negligently, recklessly, callously disregarded the rights and protections afforded to PLAINTIFF under 42 U.S.C. § 12131.

79. DEFENDANTS and its employees, officers, deputies, sergeants, medical staff, and/or other agents further coerced, intimidated, threatened and/or interfered with PLAINTIFF's exercise and/or enjoyment of his rights by subjecting PLAINTIFF to cruel and unusual physical punishment, depriving PLAINTIFF of his medications, depriving PLAINTIFF of medical attention, ridiculing and laughing at PLAINTIFF.

80. DEFENDANTS and its employees, officers, deputies, sergeants, and/or other agents routinely warned PLAINTIFF that if he continued filing additional grievances against the administration, he would face repercussions. His walker was stolen, he was left without any lighting in a dark single cell, was taken to a mental care unit without psychiatric treatment and diagnosis necessitating his classification as such.

81. As a direct and proximate result of the foregoing, PLAINTIFF suffered and continues to suffer from physical ailments, depression, nightmares, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, social withdrawal, tearfulness, and anger.

82. DEFENDANTS through their agents, employees, officers, deputies, and/or other staff members' violation of PLAINTIFF's rights as guaranteed by Cal. Civ. Code 42 U.S.C. § 12131 entitles PLAINTIFF to reasonable attorneys' fees and costs of suit pursuant to 42 U.S.C. § 12205.

**SIXTH CLAIM FOR RELIEF**

**VIOLATIONS OF CALIFORNIA CIVIL RIGHTS ACT**

**(By Plaintiffs Against All Defendants)**

83.PLAINTIFF realleges and incorporates the foregoing paragraphs as if set forth herein.

84. On or about the above stated dates, and sometime prior thereto, Defendants and each of them by way of threats, force, intimidation violated Plaintiff's civil rights, guaranteed by the United States Constitution, federal law, the California Constitution and the laws of the State of California thereby violating California Civil Code Sections 51.7 and 52.1(a)(b).

85. As a proximate result of the aforementioned acts of Defendants, and each of them, Plaintiffs suffered damage in a sum according to proof, and is entitled to the damages, statutory damages, treble damages, attorney's fees and costs provided for by Civil Code sections 52 and 52.1.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

1. For compensatory, general and special damages against each Defendant, jointly and severally, in an amount to be proven at trial;
2. General damages, including damages for physical and emotional pain, emotional distress, hardship, suffering, shock, worry, anxiety, sleeplessness, illness and trauma and suffering;
3. Prejudgment interest;
4. For punitive and exemplary damages against DOES 1-25 in an amount sufficient and appropriate to punish each said Defendant and deter others from engaging in similar misconduct;

5. For costs of suit and reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, 42 U.S.C. 12205, 12131 et seq. and as otherwise authorized by statute or law;
6. For violation of California Civil Code §52 and 52.1, statutory damages, and reasonable attorney's fees;
7. For restitution as the court deems just and proper;

Dated: October 15, 2023 MKRTCHYAN LAW

By: /s/Narine Mkrtchyan
Narine Mkrtchyan
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

Dated: October 15, 2023 MKRTCHYAN LAW

By: /s/Narine Mkrtchyan
Narine Mkrtchyan
Attorney for Plaintiffs