Avi Burkwitz, Esq., Bar No.: 217225
Aburkwitz@pbbgbs.com
Gil Burkwitz, Esq., Bar No.: 289337
Gburkwitz@pbbgbs.com
Gayane Muradyan, Esq., Bar No.: 337436
gmuradyan@pbbgbs.com
Lusine L. Galstyan, Esq., Bar No.: 362663
lgalstyan@pbbgbs.com
**PETERSON BRADFORD BURKWITZ**
**GREGORIO BURKWITZ & SU, LLP**
100 North First Street, Suite 300
Burbank, California 91502
T: 818.562.5800
F: 818.562.5810

Attorneys for Defendants, COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, DEPUTY FRANK RODRIGUEZ, MARK BENOR, M.D., DEPUTY HERNANDEZ, HECTOR NERY, FREDY URIAS, GRACIELA PLACENCIA, AND JANELLE PERALTA
.

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMOND BABAKHANLOU<br><br>Plaintiff,<br><br>vs.<br><br>LOS ANGELES COUNTY, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, DEPUTY FRANK RODRIGUEZ #435980, DEPUTY HERNANDEZ, MARK BENOR, MD, HECTOR NERY, RN, FREDY URIAS, RN, GRACIELA PLACENCIA, RN, JANELLE PERALTA, RN, JONG PARK, CADELINA EMMANUEL, KEIKO KANG, MD, DENNIS HAO CHEN, JESSICA MARIA SO, MD, SGT JENNIFER MAUTINO, #466366, SGT RODRIGUEZ, G #275005, LT J. SALEHPOUR, SEAN HENDERSON MD, DOES 15-25.<br><br>Defendants. | Case No.:  2:23-CV-08682-MWS-JPRx<br>Honorable: Michelle Williams Court [Room 6A]<br><br>**DEFENDANTS NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE J.R. LAMBERT'S REPORT AND OPINION, REFERENCE, AND TESTIMONY**<br><br>*[Filed concurrently with Declaration of Gayane Muradyan, Esq.; [Proposed] Order]*<br><br>Date:  February 6, 2026<br>Time: 1:30 p.m.<br>Courtroom:  6A<br><br>Trial Date: March 2, 2026<br>Complaint Filed:  October 15, 2023 |

1

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE AND NOTICE IS HEREBY GIVEN THAT on February 6, 2026, at 1:30 p.m., in Courtroom 6A of the United States District Court Central District of California, First Street Courthouse, located at 350 W. 1st Street, Los Angeles, CA, 90012, or soon thereafter, Defendants, COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, DEPUTY FRANK RODRIGUEZ, MARK BENOR, M.D., DEPUTY HERNANDEZ, HECTOR NERY, FREDY URIAS, GRACIELA PLACENCIA, AND JANELLE PERALTA (collectively "Defendants") will move this Court for an order to exclude J.R. Lambert's report and opinion, reference, and testimony based on the following grounds:

1. J.R. Lambert is not a medical doctor and therefore cannot comment on the actions/inaction of the physicians.
2. As for J.R. Lambert's opinions regarding the nursing standards in correctional facilities as Lambert is not an Registered Nurse licensed to practice in California.
3. J.R. Lambert's report lacks mention of any particular wrongdoing of any nurse in the report (as there are only generalized statements with no mention of any such omission by a particular nurse).

This Motion is made pursuant to the <u>Federal Rules of Evidence</u> 401, 402, and 403. This Motion will be, and is, based upon this Notice of Motion and Motion, attached Memorandum of Points and Authorities, the Declaration of Gayane Muradyan, Esq. submitted herewith, the complete files and records in this action, and any further arguments and evidence that may be presented at or before the hearing on this Motion. This matter was relayed to opposing counsel following what was supposed to be a meet and confer conference on December 9, 2025, but was abruptly

2

**DEFENDANTS NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE J.R. LAMBERT'S REPORT AND OPINION, REFERENCE, AND TESTIMONY**
**2:23-CV-08682-MWS-JPRx**

suspended by Plaintiff's Counsel.  *See* the Declaration of Gayane Muradyan, Esq.

DATED:  January 12, 2026

**PETERSON BRADFORD BURKWITZ**
**GREGORIO BURKWITZ & SU**

By:    /s/ Gayane Muradyan, Esq.
Avi Burkwitz, Esq.
Gil Burkwitz, Esq.
Gayane Muradyan, Esq.
Lusine L. Galstyan, Esq.
Attorneys for Defendants,
COUNTY OF LOS ANGELES, LOS
ANGELES COUNTY SHERIFF'S
DEPARTMENT, DEPUTY FRANK
RODRIGUEZ, MARK BENOR,
M.D., DEPUTY HERNANDEZ,
HECTOR NERY, FREDY URIAS,
GRACIELA PLACENCIA, AND
JANELLE PERALTA

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

3

**DEFENDANTS NOTICE OF MOTION AND
MOTION IN LIMINE NO. 1 TO EXCLUDE J.R.
LAMBERT'S REPORT AND OPINION,
REFERENCE, AND TESTIMONY
2:23-CV-08682-MWS-JPRx**

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

Defendants seek to exclude the report of Plaintiff's "expert" Lambert, who is not a license nurse practitioner in California, yet whose report seeks to comment on the standard of care provided to Plaintiff by the medical doctors operating within the custody facilities. Moreover, Defendants seek to exclude this report because, assuming arguendo, the report will be used to comment on the actions of the nurses, who provided care to Plaintiff, that report and Lambert's opinions within the report would still be inadmissible, as Lambert is not a licensed RN in the state of California.

Last but not least, the report should be excluded on the grounds that there are no opinions within the report stating that a specific person committed any wrongdoing. Instead, the report simply contains nothing but overgeneralized statements that are inflammatory and fail to state that any specific healthcare professional's actions fell below the standard of care that was provided to Plaintiff.

Given the totality of the aforementioned, as well as the further arguments thoroughly discussed in the present motion, Lamber's report should be excluded from evidence at the time of the trial.

### II.      LAMBERT'S REPORT AND HIS OPINIONS THEREIN ARE NOT RELEVANT AND LACKS FOUNDATION

The threshold issue in determining the admissibility of evidence is relevance. *U.S. v. Ballou*, 59 F.Supp.3d 1038, 1048 (2014).

Evidence which is not relevant may be excluded by an order in limine. See *Dempsey v. Mac Towing, Inc.*, 876 F.2d 1538, 1541 (11th Cir. 1989) Federal Rule of Civil Procedure 403 establishes that even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." See *Maddox v. Cash Loans of*

**DEFENDANTS NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE J.R. LAMBERT'S REPORT AND OPINION, REFERENCE, AND TESTIMONY**
**2:23-CV-08682-MWS-JPRx**

*Huntsville II*, 21 F.Supp.2d 1336, 1340 (N.D. Ala. 1998) (granting motion in limine on grounds of unfair prejudice); see also *Malta Const. Co. v. Henningson, Durham & Richardson, Inc.*, 716 F. Supp. 1466, 1470 (N.D. Ga. 1989) (granting motion in limine to avoid undue prejudice to defendant at trial); see also *Egan v. Delaware River Port Authority*, 851 F.3d 263, 275 (2017). Once the probative value of a piece of evidence is found to be substantially outweighed by the danger of unfair prejudice, there is no other evidentiary rule that can operate to make that same evidence admissible." *United States v. Benavidez-Benavidez* (9th Cir.2000) 217 F.3d 720, 725.

Here, the report is completely inadmissible for a variety of reasons.

### 1) Lambert is a registered nurse whose report seeks to comment on the actions of medical doctors.

Rule 702 governs the testimony of experts and establishes that a witness *who is qualified as an expert by knowledge, skill, experience, training, or education* may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue. *FRCP 702*, emphasis added.

Lambert does not meet the very first threshold under this rule, as Lambert, *as a registered nurse*, does not possess the "*knowledge, skill, experience, training, or education*" to comment on the actions of omissions of the action of the medical doctors (M.D.'s) who provided care to Plaintiff while he was incarcerated.

As such, the report and any opinion provided by Lambert within that report are simply not relevant.

### 2) Lambert is not licensed as a registered nurse in the state of California and has no experience at California correctional facilities

As noted in FRCP Rule 702, Plaintiff's purported expert needs to be qualified,

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

5

have the training and skills, as well as the education. Lambert is a registered nurse in South Carolina, not California. As such, Lambert is not *qualified, nor is she trained and has the education* as a California registered nurse.

The rules further specify the "more likely than not" element and Plaintiff cannot show that Lambert is a registered nurse in the state of California, simply because *she is not.*

Most importantly, Plaintiff cannot show that Lambert is in any way qualified as an expert to testify about the standards of care by the registered nurses within California correctional facilities, because based on her resume, *the only experience Lambert has is from South Carolina,* not California. As such, she is not even qualified to testify or opine on whether or not the registered nurses within the CA custodial facilities performed to the standard of care *due to her absence of any such training or work experience.* Hence, Lambert does not qualify under FRCP Rule 702, and this motion should be granted and her report and opinions therein be excluded.

Therefore, Lambert's report should be excluded from evidence, and her report and any opinions rendered therein considered irrelevant, thus inadmissible at the time of the trial.

**III.   LAMBERT'S REPORT IS IRRELEVANT AND LACKS FOUNDATION AS IT DOES NOT IDENTIFY SPECIFIC WRONDOING BY ANY NURSE OR MEDICAL PROVIDER**

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable." Fed. R. Evid. 401 (emphasis added). See *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1104 (11th Cir. 2005) (affirming trial court holding that evidence in question was not relevant and therefore inadmissible). Any evidence that is not relevant is not admissible. *Ballou,*

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

59 F.Supp.3d at 1048.

Here, the report prepared by Lambert discusses the timeline of the care rendered to Plaintiff while he was incarcerated. It further mentions that Plaintiff's condition deteriorated, that he was supposedly denied access to care and mentions the "refusal forms" and the reliance of the healthcare practitioners on those forms. What it does not do is not mention a single instance wherein Lambert noted that one specific medical doctor or nurse violated their duty of care when treating Plaintiff.

Instead, the report is nothing, but an inflammatory conjecture offered to support a wrongdoing by individuals, **who are not even mentioned in the report**. For instance, the individual defendants Placencia, Nery, Benor, Peralta are mentioned only once, only in the section listing the materials reviewed by Lambert. The only individual defendant who was mentioned more than once, was individual defendant Urias, wherein the report merely states that Urias "was told to recheck blood glucose at 7:30AM and encourage the patient to drink fluids. The recheck was never done." Not only does the alleged failure to conduct the recheck not identify at any other point or otherwise characterize it as a failure to perform to the standard of care, but it is also not a proper "expert opinion" under Rule 702, as mentioned above.

As such, Lambert's testimony and report should be excluded for the reasons thoroughly argued in this section.

## IV.   LAMBERT'S REPORT SHOULD BE EXCLUDED AS HIGHLY PREJUDICIAL TO DEFENDANTS

Federal Rule of Civil Procedure 403 establishes that even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." See *Maddox v. Cash Loans of Huntsville II*, 21 F.Supp.2d 1336, 1340 (N.D. Ala. 1998) (granting motion in limine on grounds of unfair prejudice); see also *Malta Const. Co. v. Henningson,*

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

7

**DEFENDANTS NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE J.R. LAMBERT'S REPORT AND OPINION, REFERENCE, AND TESTIMONY
2:23-CV-08682-MWS-JPRx**

*Durham & Richardson, Inc.*, 716 F. Supp. 1466, 1470 (N.D. Ga. 1989) (granting motion in limine to avoid undue prejudice to defendant at trial); *see also Egan v. Delaware River Port Authority*, 851 F.3d 263, 275 (2017).

Clearly, based on the aforementioned arguments, Lambert's report has no evidentiary value, and instead will be offered to show that another healthcare professional (although unfamiliar with and/or not licensed in California) came to the conclusion that there was some wrongdoing by the Defendants, *although no such specific wrongdoing is even identified in the report.* Hearing this will only accomplish one goal, Plaintiff's goal, to taint and inflame the jury and prejudice Defendant.

As noted above, under the law, Lambert's report has zero probative value, which in its turn turns the "balancing of interests" nothing but indicative of its prejudicial effect, and therefore has to be excluded. See supra *United States v. Benavidez-Benavidez* (9th Cir.2000) 217 F.3d 720, 725.

As such, the motion should be granted and Lambert's report and any opinions referenced therein be excluded from evidence at the time of the trial.

## V.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant its motion for an order to exclude J.R. Lambert's report and opinion, reference, and testimony.

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

8

DATED:  January 12, 2026

**PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU**

By:

/s/ Gayane Muradyan

Avi Burkwitz, Esq.
Gil Burkwitz, Esq.
Gayane Muradyan, Esq.
Lusine L. Galstyan, Esq.
Attorneys for Defendants,
COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, DEPUTY FRANK RODRIGUEZ, MARK BENOR, M.D., DEPUTY HERNANDEZ, HECTOR NERY, FREDY URIAS, GRACIELA PLACENCIA, AND JANELLE PERALTA

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

9

**DEFENDANTS NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE J.R. LAMBERT'S REPORT AND OPINION, REFERENCE, AND TESTIMONY
2:23-CV-08682-MWS-JPRx**

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 100 North First Street, Suite 300, Burbank, California 91502.

On January 12, 2026, I served the foregoing document described as:

**DEFENDANTS NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE J.R. LAMBERT'S REPORT AND OPINION, REFERENCE, AND TESTIMONY** on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED MAILING LIST**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed document(s) with the Clerk of the Court by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system. Participants in this case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☐ **BY ELECTRONIC MAIL:** Based on court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address(s) below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. Service of this document will be deemed as if served via mail pursuant to California Code of Civil Procedure §1013

☐ **BY PERSONAL SERVICE:** I delivered such envelope by hand to the addressee.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 12, 2026, in Burbank, California.

/s/ Cynthia Collazo

Cynthia Collazo

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

10

**DEFENDANTS NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE J.R. LAMBERT'S REPORT AND OPINION, REFERENCE, AND TESTIMONY 2:23-CV-08682-MWS-JPRx**

## SERVICE LIST

**RE:**  **Babakhanlou, Edmond v. Los Angeles County, et al.**

       **Case No.:**    2:23-CV-08682-MCS-JPRx

Narine Mkrtchyan, Esq.
narine56@msn.com
**Mkrtchyan Law**
655 N. Central Ave., Suite 1700
Glendale, CA 91203
T: 818-388-7022

**Attorney for Plaintiff,**
**EDMOND BABAKHANLOU**

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

**DEFENDANTS NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE J.R. LAMBERT'S REPORT AND OPINION, REFERENCE, AND TESTIMONY**
**2:23-CV-08682-MWS-JPRx**