# EXHIBIT D

**DECLARATION OF THOMAS E. BECK**

I, THOMAS E. BECK declare:

1.  I am an attorney duly licensed to practice law in the courts of the States of California (11/29/78); before the United States District Courts for the Central, 1/24/79); Southern (12/1/95) and Eastern Districts (8/13/92) of California, the United States Court of Appeals for the Ninth Circuit (9/8/87) and the United States Supreme Court 12/1/97). I was admitted *pro hac vice* January 10, 1998 in the Central District of Utah. Each fact set forth herein is within my personal knowledge and if called upon to testify I could and would competently swear to each such fact.

2.     My declaration is offered in support of Plaintiff's counsel's fee application in the instant matter.

3.     My pertinent legal education, background and professional experience are enumerated in the attached CV. I have always been self employed with a maximum of two associates in the mid 1990's. Since admission in 1978 my practice has been primarily in police misconduct plaintiff's litigation and related criminal defense.  I continue to specialize in cases where police misconduct was at the heart of the litigation in California state courts, federal courts in the Central, Eastern and Southern Districts of California and in the Central District of Utah.

4.     I have been counsel of record in about  900 different police misconduct actions over these 48  years. I am now and have been in the past, appellate counsel of record  in numerous published and unpublished decisions in the Ninth Circuit and California Courts of Appeal.   I have written and published educational treatises concerning this area of specialization, testified before the California Boatwright

1

Commission, mentored dozens of younger lawyers in their cases-and still do, lectured and taught extensively in my field throughout the state of California, the District of Columbia and through my participation in the National Police Accountability Project (NPAP), a nationwide plaintiff's lawyers association.

5.  I have published, lectured and taught extensively in my field throughout the state of California and the District of Columbia. I have been invited to instruct by the Los Angeles County's Alternative Defense Counsel, Los Angeles Consumer Attorneys, California Trial Lawyers, Chapman College, NAACP, Migrant Legal Action Program, Police Watch, the ACLU and San Francisco Trial Lawyers Association.  In May 1989 I was profiled by The Los Angeles Daily Journal as a "Shooting Star" for the civil rights work I do. I have since been so recognized at the PBS News Hour, the Los Angeles Times, Long Beach Press Telegram, Orange County Register, South Bay's Daily Breeze, Fresno's El Popular, Santa Barbara News Press, Ventura County Star, Germany's version of "60 Minutes" and many other publications and media appearances, most recently by the Los Angeles Times in November 2023 and December 2024.

6.  Among the noteworthy cases in which I had a hand are the infamous Rodney King civil lawsuit against the City of Los Angeles, *Jackson v. City of Long Beach* (Hawthorne PD Sargent acting undercover NBC's Today show to expose "driving while black" abuses by Long Beach officers where Jackson was shoved through a plate glass window and falsely arrested for allegedly battering the offending officer).  As a result, I was called upon to testify before a California Senate's Legislative Committee hearings which lead to the passage of Penal Code section 118.1 which, for the first time, made it a crime for a police officer to falsify a police report, which was not the law until after the Jackson incident.  In August 1996 I was on the "Samoan Bridal Shower" team in *Dole v. County of Los Angeles*

which prosecuted 37 Los Angeles County Sheriffs Department deputies who had brutalized and falsely accused the plaintiffs of felonies against themselves which resulted in an $18M verdict. By reason of the *Dole* case, in 1996 I was nominated, along with my colleagues, as Trial Lawyer of the Year Finalist by Trial Lawyers for Public Justice. In April, 2013 I was one of the plaintiff's lawyers in *Zerby v City of Long Beach* which resulted in a $6.5M verdict against the City of Long Beach in a wrongful death action, and was on the team that prosecuted 3 Fullerton PD officers who caused the death of *Kelly Thomas*. I was one of 10 plaintiff's attorneys in *Palmer v. Los Angeles,* also known as "The Dalton Street Case" in which I headed up the discovery subcommittee on the plaintiff's litigation team and was primarily responsible for addressing the discovery issues and motions in the case. The lawsuit was settled for over $3 million dollars, which in 1990 was the high water mark in such matters at the time. My plaintiff's verdicts in the Eastern District of California (*Moreno v. County of Kern*) and Salt Lake City (*Kazinofski v. City of Provo*) set records for the highest damage awards in police abuse cases those jurisdictions at those times. I also participated in the litigation arising from the October 22, 2000 LAPD riot stemming from the department's overreaction to police brutality demonstrators at Parker Center and was connected to the Democratic National Convention litigation that same year.

7.     I am professionally acquainted with Ms. Mkrtchyan since 2009. She was representing my client's brother in a false misdemeanor assault accusation made by LAPD Rampart Division officers while I represented the brother who was facing felony assault charges against those same officers. She was already an experienced trial lawyer at the time and I suggested she consider taking on civil police misconduct litigation. Since that time, we worked together on multiple civil rights cases and she continues to consult with me on her civil rights lawsuits. We tried and won *Howard v. City of Los Angeles* in 2017. She recently prevailed in *Holloway v.*

3

*County of Orange* after an incredible 3 mistrials and finally won the 4th time. I became her second chair in the first trial and she went on to do the others solo. Together we litigated cases against the City of Pomona PD *(Pelayo)* in 2019, City of Beverly Hills PD *(Nazarian)* in 1999-2022, City of Long Beach PD *(Williams)* in 2022 and LAPD *(Hernandez)* in 2022 through today.  By reason of this professional relationship, I can attest to her dogged persistence in the pursuit of justice for her clients together with the talents she exhibits in these kinds of lawsuits.

8.      I am informed that Ms. Mkrtchyan obtained a $100,000 verdict on behalf of Plaintiff Edmond Babakhanlou in this matter, prevailing on her ADA claim against the County of Los Angeles.

9.      During the 48 years I have been practicing §1983 police misconduct litigation, I have been awarded progressively higher hourly rates in § 1988 fee applications by judges in US District, Appellate and state courts. In 1992  I was awarded $275/hr by Judge Spencer Letts in *Espinoza v. Block* CV 89-5615JSLand the same rate in 1994 by Judge George King in *Page v. Hanson*, CV 89-3252-GHK. As my experience mounted and market rates changed. I most recently was awarded §1988 fees on 2/11/25 at the rate of $1150/hr by Judge Wesly Hsu in *Hit & Miss, Inc, v. City of Long Beach* 2:18-cv-09996-WLH-SSC and $1000/hr by Judge David Carter in 2025 in the *Holloway* matter mentioned above. The courts in these cases took into consideration local market rates for comparable counsel and cases.

9.      At the present time, I believe the $800/hr being sought by Ms. Mkrtchyan for her labors in the instant matter to be within the range of hourly fees being awarded in this District for counsel of her depth of experience and length of time since admission to the Bar.  The market rate I typically ask the courts to apply is drawn from published fee awards. For example, in *Simons v. Superior Court* LASC

4

#19STCP01994 (*Simons I*) the Court of Appeal upheld fee awards in 2018 of $830/hr and $890/hr in 2019 to Matthew Gershman, a 2007 admittee. In 2021 Mr. Gershman was awarded $935/hr in *Simons II*.  Ms. Mkrtchyan was admitted in 2006. *In Issacs v. USC Keck School of Medicine*, 2:19-CV-0800-DSF-RAO, counsel admitted in 2013 was approved at $815/hr in 2020. In *Valenzuela v. City of Anaheim*, SACV 17-00278-CJC-DFM, the Court approved the 2022 rate of $850/hr to attorney John Fattahi. He was admitted the same year as Ms. Mkrtchyan.  In *Craig v. City of Anaheim*, the companion case to *Valenzuela*, the court approved a 2022 rate of $850/hr for attorney Melanie Partow, a 2004 admittee.

10.    Additional support for the reasonableness of a 2026 rate of $800/hr for Ms. Mkrtchyan can be found in the fee award in *McKibben v. McMahon*, EDC14-2171 JGB(SPx) (C.D. CA 2019. Judge Bernal in that order approved a 2018 rate at $715/hr for attorney Melissa Goodman.  Ms. Goodman is a 2003 law graduate, first admitted to practice in New York.

11.    Lastly, the reasonableness of Ms. Mkrtchyan's request to apply $800/hr in this case can be confirmed by reference to the 2022 Real Rate Report. I understand that this report concerns 2021 rates. Several court in the Central District of California cite the Real Rate Report because, unlike other surveys of rates, the Real Rate Report identifies rates by city, experience, firm size, specific litigation areas and is based on actual billings. *See, e.g. Eksouzian v. Albanese*, No. CV 13-728 PSG (AJWx), 2015 US Dist LEXIS 189545, 2015 WL 127655585, at *4-5 (C.D. Cal. October 23, 2015); *Hicks v. Toys 'R' Us-Del, Inc*. No CV 13-1302 DSF JCG, 2014 U.S. District Court LEXIS 135596, 2014 WL 4670896 at *1 (C.D. Cal. Sept 2, 2014). The 2021 Real Rate Report for Los Angeles demonstrates Ms. Mkrtchyan's requested rate is consistent across the board with 2021 third quartile rates for partners in various areas of complex litigation and, in many instances, consistent with lower rates for

associates which range from $870/hr to $1209/hr.

12.    Based on all of the foregoing, it is my opinion that the $800/hr rate for Ms. Mkrtchyan is well within the range of reasonable market rates in the Los Angeles legal market for attorneys of her skill and experience.

I declare under penalty of perjury, under the laws of the United States that the foregoing is true and correct.

Executed this 31st day of March ,2026 at Los Alamitos, California.

/s/ Thomas E. Beck

THOMAS E. BECK

6

*THOMAS E. BECK*
*ATTORNEY AT LAW*
*Post Office Box 101*
*Los Alamitos, CA  90720*
*(562) 795-5835*

**EDUCATION:**　　Long Island University, Brooklyn, N.Y.  B.A. Pol. Sci. 1969
University of West Los Angeles, CA.  J.D. 1978
Deans List 1977, Law Review 1976-1978

**ADMISSIONS:**　　State of California  1978
United States District Court, Central  1978
United States District Court, Eastern  1992
United States District Court, Southern 1995
United States District Court, Utah 1997
Ninth Circuit Court of Appeals  1987
United States Supreme Court 1997

**PROFESSIONAL**
**EXPERIENCE:**　　The Beck Law Firm 1978 to present.
Sole Practitioner, Criminal Defense and Plaintiff's Civil Police Misconduct Litigation.
AV Rated, Martindale-Hubbell
Past President West Hollywood Bar Association
Member of Board of Directors-Police Misconduct
Lawyers Referral Service (PMLRS) 1990-1993
Consultant to Christopher Commission 1991
Consultant to Kolts Commission  1992
Superior Court Personal Injury Arbitrator
Municipal Court Judge Pro Tem
Special Master State Bar of California
Instructor, Trial Advocacy & Tactics-Peoples College of Law, Los Angeles
Lecturer, California Trial Lawyers Association
Lecturer, Los Angeles Trial Lawyers Association
Lecturer, Police Watch/PMLRS
Lecturer, Alternate Defense Counsel 1992
Lecturer, Los Angeles County Bar Assn, Law Explorers Committee, 1992
Lecturer, National Lawyers Guild, Public Interest Litigation, Nov. 1991
Lecturer, Southwestern Law School, Los Angeles 1994
Lecturer, Migrant Legal Action Program, Washington, D.C., Dec. 1994
Lecturer, Consumer Attorneys Association of Los Angeles,
　　　　March, 1996 June, 1997
Presenter, California Consumer Attorneys Assn, Monterey, October 2000
Presenter, Chapman College, Orange, CA November, 2001
Presenter, Lorman Educational Services, January 9, 2002
　　　　Protective Orders in Police Litigation
Presenter, Lorman Educational Service February 2005
Presenter, ACLU Constitution Day Belmont High School 2018, 2019
Presenter, San Francisco Trial Lawyers Assn 8/2023

**PUBLICATIONS:**　　"Trying the Police Misconduct Case" LATLA 1990.
"Discovery and Trial of the Police Misconduct Case"  CTLA, 1991.
"The Prosecution of Police: Can Prosecutors Get It Right?"
Police Misconduct  and Civil Rights Law Report, Vol. 3, No. 16 July, 1992
"Discovery In Police Misconduct Litigation: What You Need, How To Get It, and How To Use It." PMLRS, 1992

"Launching The Police Misconduct Case" LATLA March, 1994
Editorial Advisory Board-James Publishing Co. 1994
"Protective Orders in Police Liability Cases Filed In U.S. District Court"
January, 2002 Lorman Education Services
"Discovery & Trial Preparation" Police Indiscretion, Litigation and Claims Avoidance Strategies in California, February 1, 2005 Lorman Educational Services

**AWARDS & HONORS**:    Police Misconduct Lawyers Referral Service's Henry Giler Award, 1990
Finalist-Trial Lawyers For Public Justice-1996 Trial Lawyer Of The Year

**NOTABLE CASES:**    *In re Benson*  172 Cal.App.3d 532(1985)
*Enriquez v. Smyth*  173 Cal.App.3d 691(1985)
*Udom v. Fonseca*  846 F.2d 1236 (9th Cir. 1988) W. Rea, J. *reversed*
*Don Jackson v. City of Long Beach* (NBC/Sting 1989)
*Palmer v. City of Los Angeles (Dalton Street)* $3.1M settlement (1991)
*Rodney King v. City of Los Angeles* (1991)(co-counsel)
*Thomas v. County of Los Angeles* (1995) $7.5 Million Brutality Class Action
*Damjanovic v. Ambrose* 3 Cal.App.4th 503 (1992)
*Martel v. County of Los Angeles* 34 F.3d 731 (9th Cir 1994) *rev'd* 56 F.3d 993 (9th Cir 1995) *en banc*
*Espinoza v. Dunn* 38 F.3d 462 (9th Cir 1994)*withdrawn* 48 F.3d 1217 (1995) (*Table*)
*Dole v. County of Los Angeles* (LASO Samoan Bridal Shower Riot) $24.8M verdict (1995)
*Arrellano v. City of Culver City*, 89F.3d 844, (*Table*) 1996 WL 311640 (9th Cir. 1996) Hauk, J. *reversed*
*Adolphus v. County of Los Angeles* 97-56431 9th Cir. (5/12/99) Unpublished, Ron Lew, J. *reversed*
*Hernandez v. City of El Monte* 138 F.3d 393 (9th Cir. 1998) Manuel Real, J. *reversed*
*Paine v. City of Lompoc*, 160 F.3d 562 (9th Cir.1998)

*Duran v. City of Maywood*, 221 F.3d 1127 (9th Cir. 2000)

*Choate v. County of Orange*, (2001) 86 Cal.App.4th 312 David Brickner, J. *reversed*
*Paine v. City of Lompoc, (Paine II)* 265 F.3d 975 (9th Cir. 2001)

*Brass v. County of Los Angeles* (3/19/01) 99-55570 9th Cir. Unpublished, Lourdes Baird, J. *reversed*
*Kazanofski v. City of Provo*, Central District Utah, 2001, Highest §1983 police misconduct award ever achieved in federal district
*McConahy v. Home Depot, U.S.A.* B145665 Div. 5, 1/4/02 Unpublished, Valerie Baker Fairbanks, J. *reversed*
*Duplessis v. City of Los Angeles*, (2/20/02) 00-5501 9th Cir. Unpublished Carlos Moreno, J. *reversed*
*Willis v. City of Los Angeles*, 2002 WL31863721 (9th Cir. 2002)Unpublished Nora Manella, J, *reversed*
*Briley v. Appellate Department*  (2004) 124 Cal.App. 4th 1223 Jessie Rodriquez, J. *reversed*.(Writ issued)
*Pacheco v. Superior Court* (2005) S136178 California Supreme Court, Petition for Review granted. Reassigned to Division 3, 2d DCA to *reverse* denial of writ for

2

pretrial disclosure of peace officer personnel records.

*People v. Field* (2005) 2005 WL1865184 4th DCA, Writ Petition Granted *reversing* Judge John C. Gastelum's denial of disclosure of peace officer personnel records.

*Marlow v. City of Orange* (2008) 06-56723 Unpublished, Andrew J. Guilford, J. *reversed*

*Marullo v. City of Hermosa Beach* (2008) 07-56839 Unpublished, Percy Anderson J. *reversed*

*Leonardopolous v Superior Court* S174459 (2009) Review Petition granted 2d DCA *Reversed*

.    *Meislin v. County of Los Angeles* (2011) 09-56225, Unpublished, George H. Wu, J. *reversed*

*Rezek v Superior Court* S191922 (2011) Review Petition granted 4th DCA *reversed* with directions.

*Rezek v. Superior Court* (2012) 206 Cal.App.4th 633 New rule on peace officer personnel records discovery

*Pelensky v. City of Seal Beach* (2014) Unpublished, Cormac Carney J. *reversed.*

*Zerby v. City of Long Beach* (2011)  $6,000,000 OIS verdict co-counsel

*Ron Thomas v. City of Fullerton* (2015) $4,900,000 OIS settlement co-counsel

*Contreras v. City of Long Beach* (2016) $1,250,000 brutality verdict

*Schafer v. Padilla* 868 F.3d 1110 (9th Cir 2018), *cert denied* 138 S.Ct. 2582

**OTHER:**    Completed 200+ civil & criminal jury and bench trials
Expert Witness-Police Misconduct Attorney Malpractice
Contributor-Hastings Law Journal Vol 44 No. 3, March 1993, Bifurcation of Civil Rights Defendants: Undermining *Monell* in Police Brutality Cases, Douglas L. Colbert.
Contributor-Civil Justice Advisory Group Central District of California, 1992
The MacNeil/Lehrer News Hour-March 28, 1991
Lawyers Weekly May 9, 1994
USA Today 4/29/94, 5/10/94
KFI, Tom Lykis Radio Program 1990, 1992
National Public Radio, 4/17/91
KCSN, 9/23/91
KLON, 1993
KLAC, 1990
Inside Edition, 12/94
KKBT, "Street Science" Dec, 1995
Los Angeles Daily Journal, Profile "A Shooting Star" May 18, 1989
National Law Journal, March 8, 1993
New York Times 5/2/92
Law Enforcement News May 15, 1991
Face The Press, German Public Television Dec, 1995
American Journal 4/96
Los Angeles Daily Journal 12/21/2001
KCBS TV 7/2023
KTLA TV 7/2023
LA Times 7/2023, 11/2023, 12/2024, 1/2025,  8/2025
KJLH Radio 9/2024

3

4